## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| DAVID W. WIGGINS, III,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | Civil Action No. |
| vs.  ) | |
| ) | |
| GOLF & TENNIS PRO SHOP, INC.  ) | |
| d/b/a  PGA TOUR SUPERSTORE,  ) | |
| ) | |
| Defendant. | |

## **COMPLAINT**

### I. **JURISDICTION**

1. This is a suit for relief from gender discrimination in employment instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII").  Jurisdiction of this Court exists pursuant to 28 U.S.C. §§1331 and 1343(4).

2. Plaintiff David W. Wiggins, III ("Plaintiff") timely filed his charge of discrimination against defendant Golf & Tennis Pro Shop, Inc. d/b/a PGA TOUR Superstore ("Defendant") with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the last act of discriminatory treatment.  Plaintiff has further filed this suit within 90 days after receipt of his notice of right-to-sue issued from the EEOC.

## II.  PARTIES

3.  Plaintiff is a citizen of the United States over the age of nineteen and a resident of Jefferson County, Alabama.

4.  Defendant is a corporation headquartered in Georgia.

## III.  STATEMENT OF FACTS

5. Plaintiff is male.

6.  Defendant owns and operates retail stores branded PGA Tour Superstore selling golf and tennis equipment, accessories, apparel, and footwear pursuant to a partnership with the PGA TOUR, Inc., an affiliate of the Professional Golfers' Association.

7.  In or about May of 2015, Plaintiff became employed at Defendant's PGA Tour Superstore in Birmingham, Alabama.

8.  Plaintiff's position was teaching professional.

9. Plaintiff gave lessons there in the store.

10.  In early 2018, Jerry Ingram became the manager of the store.

11.  In or about early November of 2018, Plaintiff was going through marital troubles and needed to be able to pick up his young daughter after day care and take care of her.

12.  As a result, Plaintiff needed to be able to finish his lessons for the day by 4:30 so that he could leave work to pick up his daughter.

13.  Plaintiff explained the situation to Ingram and asked if his schedule could be adjusted so that he could finish his work each day at 4:30.

14.  Ingram agreed to that.

15.  Consequently, Plaintiff's work hours were scheduled so that he was able to get off at 4:30 p.m. during the week to take care of his daughter.

16.  Plaintiff continued to work full time hours.

17.  Later, Ingram told Plaintiff several times that the district manager and employees in the store had raised issues with Plaintiff not working nights and that he (Plaintiff) should consider working some nights.

18.  By this point, Plaintiff was divorced and continued to have the obligation of picking up his daughter.

19.  Plaintiff told Ingram this and that he had no one to take care of his daughter when he had to pick her up and therefore could not work evenings.

20. Ingram told Plaintiff that he needed to get a new wife, a girlfriend, or a roommate to get a handle on the child care issue.

21. In or about early August of 2019, Ingram told Plaintiff he wanted him to work some evenings.

22. Plaintiff again said that he could not because of his obligations regarding his daughter.

23. On or about August 20, 2019, Ingram and Jeremy Ballard, another manager in the store, met with Plaintiff.

24. Ingram handed Plaintiff a piece of paper that said Plaintiff was terminated for having to reschedule a lesson and for making people uncomfortable in a store meeting and leaving the meeting abruptly in the middle of it.

25. The claims were false and Plaintiff told Ingram this.

26. Ingram told Plaintiff that Human Resources in Atlanta had told him what to put in the termination form.

27. Other employees in the store were accommodated in having their work schedules set according to their requests for reasons other than family care.

28. These reasons include their working at other jobs, going to school, attending sporting events every weekend, and attending court ordered classes in a criminal case.

## IV. <u>CAUSES OF ACTION</u>

### COUNT I

### TITLE VII

29. Paragraphs 1-28 above are incorporated by reference.

30. Defendant was an "employer" under Title VII during the course of events set forth above.

31. Defendant violated Plaintiff's rights under Title VII by terminating his employment because of his gender, including gender stereotyping.

32. Plaintiff's gender was a motivating factor in Defendant's decision to terminate Plaintiff.

33. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating him and placing him in the position he would have occupied in the

absence of discrimination (or, alternatively, providing front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

                Respectfully submitted,

                s/ Adam M. Porter
                Adam M. Porter
                Attorney for Plaintiff
                Adam M. Porter, LLC
                2301 Morris Avenue, Suite 102
                Birmingham, Alabama 35203
                Phone: (205) 322-8999
                Facsimile: (205) 402-4619
                Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff

Defendant's Address:
Golf & Tennis Pro Shop, Inc.
c/o Corporation Service Company, Inc., Registered Agent
641 South Lawrence St.
Montgomery, AL 36104